UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CANDRA BETH CLARK                                                                        PLAINTIFF

VERSUS                                                              CIVIL ACTION NO.1:21-CV-84-RPM

HARRISON COUNTY                                                                         DEFENDANT

**MEMORANDUM OPINION & ORDER**

Plaintiff Candra Beth Clark ("Clark"), proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint on March 24, 2021. Doc. [1]. Clark asserts an excessive force claim along with two condition-of-confinement claims. Additionally, Clark raises issues associated with a child-custody dispute that has been adjudicated in the state courts. Defendant Harrison County ("Harrison County") moves for summary judgment based on Clark's failure to exhaust her administrative remedies and for failure to state a claim. Doc. [72]. Clark did not respond to the motion. The Court conducted a *Spears* hearing on April 11, 2022.

In her complaint, Clark alleges she was subjected to excessive force at the Harrison County Adult Detention Center ("HCADC"). Specifically, she alleges that an officer sprayed her with mace after she refused to wear pants due to her religious beliefs. Doc. [1]. At the *Spears* hearing, Clark acknowledged that she used inappropriate language after being sprayed with mace, which caused her to be placed in "lockdown." Doc. [72-1], at 15. Once in lockdown, Clark asserts she was improperly denied phone calls and showers. Doc. [1], at 4. She also filed several motions to amend, which alleged price gouging at the jail and privacy concerns regarding letters marked "sexually explicit" by jail staff. Doc. [17], [19], [21].

I. APPLICABLE LAW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (quotation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 134 (5th Cir. 2010). "On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *E.E.O.C. v. WC&M Enters., Inc.*, 496 F.3d 393, 397 (5th Cir. 2007). The movant must "demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law." *Murshid v. King*, No. 3:20-cv-00129-RPM, 2022 WL 4102782, at *1 (S.D. Miss. Aug. 22, 2022). "The movant accomplishes this by informing the court of the basis for its motion, and by identifying portions of the record which highlight the absence of genuine factual issues." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). "[O]nce a properly supported motion for summary judgment is presented, the nonmoving party must rebut with 'significant probative' evidence." *Id.* (quoting *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978)).

The Prison Litigation Reform Act ("PLRA") requires incarcerated and detained persons to exhaust available administrative remedies prior to bringing an action under § 1983. 42 U.S.C. § 1997e(a). The United States Supreme Court has explained that the PLRA's exhaustion requirement is mandatory. *Jones v. Bock*, 127 S. Ct. 910 (2007). "It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion." *Walker v. East Miss. Corr. Facility*, 2013 WL 4833901, *2

(S.D. Miss. Sept. 11, 2013). *See also Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) (finding that filing an initial grievance, without more, did not equate to exhaustion).

The HCADC's Inmate Handbook establishes a three-level written grievance process. Inmates are required to utilize the grievance process before initiating a lawsuit. Doc. [72-7]. If an inmate is not satisfied with the Level I response, she may proceed to Level II, and then to Level III (the final step). *Id.*; *McCormick v. Krouse*, 2020 WL 6800007, at *2 (S.D. Miss. Nov. 19, 2020).

II.  DISCUSSION

   a.  Failure to State a Claim

Harrison County asserts that Clark has failed to state a claim for all allegations related to her child-custody dispute. In her complaint, Clark alleges, "my child has been illegally taken by cps [sic] . . ." She requests, "criminal charges placed on those who have kidnapped my child . . ." Doc. [1]. At the *Spears* hearing, Clark alleged that Harrison County failed to investigate the "kidnapping" of her son. Doc. [72-1], at 30. Harrison County argues that Clark's allegations concern the Mississippi Department of Child Protection Services ("MDCPS") and not Harrison County. It contends that Clark fails to identify any authority requiring Harrison County to assist her in an alleged "kidnapping" investigation or authority suggesting Harrison County's failure to act is a violation of her constitutional rights. Doc. [73], at 6.

Clark's allegations mainly pertain to MDCPS. Doc. [72-1], at 18, 30, and 38. She maintains that MDCPS was the entity responsible for "illegally" taking her son. Doc. [1], at 4. Clark did not name MDCPS in the present litigation despite numerous opportunities to amend her complaint. Doc. [17, 21]. Thus, Clark's allegations are directed at an entity separate from Harrison County. Clark provides conclusory allegations directed at a defendant not named in this lawsuit. She does

3

not cite to authority and the Court has not found authority requiring Harrison County to launch or aid an investigation into prisoners' child custody disputes.

Clark is proceeding in this case *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2), a claim is subject to dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. Section 1915(e)(2)(B). In her complaint, Clark asserts that she seeks "criminal charges" placed on those who "kidnapped her child." Doc. [1], at 4. Harrison County cannot grant Clark the relief she seeks; and Clark is not entitled to such relief under § 1983. Although it is unlikely Harrison County has the authority to decide whether or not to pursue criminal charges, the "decision to file or not file criminal charges is protected by prosecutorial immunity." *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009); *Allen v. Allen*, 2012 WL 5381395, at *2 (S.D. Miss. Oct. 31, 2012). Clark has no constitutional right to press criminal charges. Further, Clark has sought relief in the state courts concerning her child-custody dispute. Harrison County provided the Court of Appeals of Mississippi's decision affirming the Tippah County Chancery Court's judgment terminating Clark's parental rights. Doc. [82-1]. The Court finds that Clark fails to state a claim under § 1983 as to all claims concerning the "kidnapping" of her son.

b.  Failure to Exhaust

Harrison County argues Clark failed to properly file grievances related to her claims; and thus, she has not her exhausted administrative remedies. It contends Clark submitted various grievances, but none were completed to all levels of administrative appeals. Doc. [73]. Instead, a grievance officer returned the grievances to Clark after denoting deficiencies. As support, Harrison County attaches Clark's institutional records and an affidavit from a grievance officer at HCADC. Doc. [72-6].

The record demonstrates Clark failed to exhaust her administrative remedies. Considering the investigation of the "kidnapping" claim, the record indicates Clark failed to file a proper grievance. Although Clark did submit grievances on the issue, the record indicates a grievance officer marked "multiple issues" on the forms. The grievance forms were also incomplete. Doc. [72-2], at 56–66. Related to the child-custody dispute, Clark alleged in her complaint, "the jail refuses to give me addresses for youth courts or anyone else" but this issue was not exhausted. Doc. [1], at 5. Doc. [72-2]. To the extent that Clark raises a privacy concern, the record indicates Clark failed to file a proper grievance. On April 30, 2021, Clark filed a "request to add complaint" where she raised privacy concerns regarding letters marked "sexually explicit" by jail staff. Doc. [17]. However, she did not file a grievance on the issue.

As to her conditions-of-confinement claims, Clark also failed to submit proper grievances on these issues. She merely filed inmate request forms and submitted grievances with deficiencies. Doc. [72-3] at 178 and 198. Doc. [72-2], at 56. Inmate requests are not formal grievances that could avail Clark of an appeal and be carried through to a conclusion. *See Coleman v. Havard*, 2020 WL 4342244, at *3 (S.D. Miss. June 2, 2020). Also, she failed to exhaust her claim regarding the jail's price gauging. Doc. [72-1], at 25. Doc. [19]. Likewise, Clark never filed a grievance on her request "that women who share my religious views be allowed to practice them." Doc. [1], at 4. Therefore, these claims have not been exhausted.

Additionally, Clark raised numerous claims for the first time at the *Spears* hearing. She alleged inadequate medical care involving her tooth abscess. Doc. [72-1], at 36. However, she failed to file a grievance related to the issue. At the hearing, she also discussed being placed on lockdown due to rule violations. *Id*. at 46. Although one grievance mentions her lockdown allegation, the

record demonstrates the grievance officer noted deficiencies in the form. Doc. [72-2], at 63. Thus, these claims have not been exhausted.

Lastly, the record illustrates Clark failed to complete the grievance process on the remainder of her claims, which include her excessive force and First Amendment claims related to her refusal to wear pants. Although one grievance does not clearly indicate a deficiency, Clark failed to appeal the grievance. Doc. [72-2], at 66-67. Harrison County presents an affidavit by Deborah Whittle, a grievance officer at HCADC, explaining Clark failed to complete the second or third step of the formal grievance process on any of her allegations. Doc. [72-6], at 2. A review of the grievance record indicates Clark never followed the process to completion. Doc. [72-2], at 60–63. Doc. [72-2], at 57–58. Doc. [72-2], at 63–64. Clark did not respond to the motion; and thus, she does not dispute her failure to complete the grievance process. Similarly, Clark mentioned at the *Spears* hearing, for the first time, that she wished to participate in a religious practice that prohibited eating cooked meat on Saturday. Doc. [72-1], at 13. While she filed a grievance on the matter, this claim also fails because she did not follow the appeal process as required. Doc. [72-6], at 2. Insofar as Clark raises this claim, she has not contradicted Harrison County's record evidence showing she did not complete the grievance procedure.

    c.   Claims Raised for the First Time

Raised for the first time at the *Spears* hearing, Clark brought claims concerning her state conviction. She appears to challenge the failure to have been read her Miranda rights. Doc. [72-1], at 34. She also briefly mentioned issues related to malicious prosecution and compulsory process. Doc. [72-1], at 38. None of these issues are either found in her pleadings or related to her pleadings. At the *Spears* hearing, Clark stated that she had recently filed for post-conviction relief in state court. *Id*. at 33. She admitted that at least her Miranda claim was related to her post-conviction

relief proceeding in state court. Doc. [72-1], at 35. Given these claims are not in Clark's pleadings, the claims are not before the Court and will not be addressed. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir.1999).

III. CONCLUSION

Harrison County has provided summary judgment evidence showing Clark has failed to exhaust her claims. Clark has also failed to state a claim regarding all allegations related to her child-custody dispute.

IT IS THEREFORE ORDERED AND ADJUDGED that Harrison County's motion for summary judgment is GRANTED as to all claims. Doc. [72].

SO ORDERED, this the 6th day of April 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE